UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE, FLORIDA

REC'D BY _____ D.C.
JAN 24 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

THOMAS HEINRICH;
THOMAS HEINRICH on behalf of
his wife MARIA HEINRICH;
THOMAS HEINRICH on behalf of
the Estate of THOMAS HEINRICH
    Plaintiff(s)

CASE No.:

JURY TRIAL DEMANDED

v.

UNITED STATES OF AMERICA;
U.S. DEPARTMENT OF COMMERCE;
U. S. BUREAU OF THE CENSUS;
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION;
U. S. OFFICE of FEDERAL OPERATIONS;
CANELLE HENRY; TERRELL JOHNSON;
TIFFANY MONROSE; WILBUR ROSS;
GINA RAIMONDO; Does of unknown
number, identity, and/or capacity
    Defendants
_____/

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

Comes now Plaintiff THOMAS HEINRICH, in Pro Se, and, pursuant to Fed. R. Civ. P. Rule 10; Rule 8(a)(2); Rule 9(b); and Rule 7(a), sues Defendants UNITED STATES OF AMERICA; U.S. DEPARTMENT OF COMMERCE; U. S. BUREAU OF THE CENSUS; U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; U. S. OFFICE of FEDERAL OPERATIONS; CANELLE HENRY; TERRELL JOHNSON; TIFFANY MONROSE; WILBUR ROSS; GINA RAIMONDO; Does of unknown identity and/or capacity who will be identified when and if ascertained, and states:

**PARTIES**

1.    Plaintiff in a natural person and citizen of the United States of America residing at all

1

times hereunder in the County of Broward, State of Florida, and is otherwise sui juris, identified as:

>THOMAS HEINRICH
>140 Cypress Club Dr #405
>Pompano Beach FL 33060
>(954) 781-9300
>reachth@yahoo.com

    2.    Defendants, and each of them, are federal agencies and/or employees performing their Oath of Office and had, and have, the responsibility to professionally and timely administer and complete their tasks and responsibilities and refrain from violating their Oath, from breaking the laws, rules and policies of the United States, and were - and are - to abstain from acts or omissions of misfeasance and/or malfeasance, engaging in willful misconduct, or to intentionally and/or grossly negligently injure people, including Plaintiff, and having done so under the color of authority have injured THOMAS HEINRICH by their acts and omissions, entitling him to declaratory and other relief including monetary damages, with Plaintiff having no other remedy at law – including administrative remedies which have been completely exhausted - other than invoking the jurisdiction of this court to receive due process to obtain the relief he is entitled to under the laws and Constitution of the United States to receive.

    3.    The Defendants in this suit are:

>UNITED STATES OF AMERICA
>c/o United States Attorney General
>U.S. Department of Justice
>950 Pennsylvania Avenue, NW
>Washington, DC 20530-0001
>
>U.S. DEPARTMENT OF COMMERCE
>1401 Constitution Ave NW
>Washington, DC 20230
>(202) 482-2000
>
>U. S. CENSUS BUREAU
>4600 Silver Hill Road
>Washington, DC 20233
>(800) 923-8282

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507
(800) 669-4000

U. S. OFFICE of FEDERAL OPERATIONS
Robert J. Barnhart, Director,
Compliance and Control Division
Office of Federal Operations

U.S. Equal Employment Opportunity Commission
One NOMA Station
131 M Street, NE, Suite 5SW12G
Washington, D.C. 20507-0004
(404) 724-0000

CANELLE HENRY
c/o U.S. DEPARTMENT OF COMMERCE
1401 Constitution Ave NW
Washington, DC 20230
(202) 482-2000

TERRELL JOHNSON
c/o U.S. DEPARTMENT OF COMMERCE
1401 Constitution Ave NW
Washington, DC 20230
(202) 482-2000

TIFFANY MONROSE
c/o U.S. DEPARTMENT OF COMMERCE
1401 Constitution Ave NW
Washington, DC 20230
(202) 482-2000

WILBUR ROSS
c/o U.S. DEPARTMENT OF COMMERCE
1401 Constitution Ave NW
Washington, DC 20230
(202) 482-2000

GINA RAIMONDO
c/o U.S. DEPARTMENT OF COMMERCE
1401 Constitution Ave NW
Washington, DC 20230
(202) 482-2000

## Jurisdiction

4. The Defendants in this action are the United States of America, agencies of the United States government, or employees of the United States government at the time the matters herein occurred or arose who were performing, or were required to be performing, duties, acts and/or omissions in their official capacity as employees of the United States government.

5 The issues herein are governed by and violative of the United States Code and/or official Rules, Regulations, Policies, and otherwise procedures which are or have the effect of statutes, laws, and governed by the Constitution and Congress of the United States of America.

## Statement of Claim:

6. Plaintiff was solicited to apply for working for the U.S. DEPARTMENT OF COMMERCE in their U. S. BUREAU OF THE CENSUS in May and June 2019.

7. The solicitation was that the government urgently needed employees to assist in conducting the 2020 Decennial Census, and that in working for the U.S. DEPARTMENT OF COMMERCE in their U. S. BUREAU OF THE CENSUS, Plaintiff would not only be serving his country but would earn money doing so, and that if offered a job the employment would begin in a matter of weeks or no later than the first weeks of August 2019.

8. In reliance on same, Plaintiff did so apply and was offered a position as a Recruiting Assistant at the rate of $19.50 per hour, was put through his bio-metrics and security clearance and found to be eligible, and awaited his start date and to be put through training.

9. After several months of not being informed of his actual, exact start date, Plaintiff then encountered that his telephone calls were neither taken nor his messages returned.

10. Plaintiff then filed a formal complaint with Congress to investigate.

11. Late the afternoon of November 29, 2019, Plaintiff was left a voice message that

advised Plaintiff that if he were 'still interested' in working for the Census, that Plaintiff was required to be in Orlando that immediate following Monday.

12. Plaintiff went to Orlando and was put through training that following week, culminating in Plaintiff having to take an additional online course and receive a Certificate on same - which Plaintiff did so do and did so receive Saturday December 7, 2019.

13. Plaintiff was put to work that very same evening of Saturday December 7, 2019.

14. When Plaintiff arrived at the training in Orlando, Plaintiff was to receive a secure government laptop along with a secure personal government email account - both of which were necessary for Plaintiff to perform his work as was set forth for him to do.

15. All other trainees at the Orlando training received both their assigned secure government laptop as well as their secure government personal email account, however Plaintiff did not. With no laptop set aside for Plaintiff upon his arrival in Orlando, staff provided Plaintiff with a 'spare laptop' for Plaintiff to use, but no one could locate nor create a government email account in Plaintiffs name for Plaintiff to use.

16. Plaintiff left the training in Orlando with no government email account to use. Same was not provided to Plaintiff until the morning of Thursday, December 12, 2019 approximately one hour prior to his termination as an employee of the Department of Commerce.

17. Having been called into the office on the morning of Thursday, December 12, 2019, after first being provided his working government email account, Plaintiff was then informed - for the first time - that the Recruiting Assistants job description and duties had been dramatically and materially revised by the Department of Commerce just since Plaintiff had completed his training both in Orlando as well as online and received his Certificate the immediate previous Saturday December 7, 2019. Plaintiff was informed that Recruiting Assistants now were no longer allowed to do any follow through with those they signed up to apply for working for the Census or with others who expressed interest in

5

working for the Census, as well as with potential locations they were to seek out and obtain for future training locations of those recruited.

19. Plaintiff was told he was being terminated for not having followed the "new rules" the previous work day, December 11, 2019 by having done follow through.

19. The representations made to Plaintiff about changes having been made to the job description for Recruiting Assistants now specifically prohibiting any follow through were totally false. Plaintiff has since learned that no such changes were ever made by the Department of Commerce or by the Census Bureau. Plaintiff has learned that no other Recruiting Assistant was ever notified of any such change, and that follow through remained a critical element of Recruiting Assistants job duties.

20. Plaintiff has also since learned that the government's need for having Recruiting Assistants obtaining new field employees to work on the Census also continued unabated. Plaintiff was not terminated for either lack of work or lack of need of Recruiting Assistants, or for any inability of Plaintiff to fulfill his duties in an exemplary manner professionally and effectively or unwillingness to perform work. Plaintiff in fact requested assignments the morning of December 12, 2019 for him to go to immediately following the conclusion of the December 12, 2019 meeting. Those venues were left without representatives of the Census being present, when they could have had Plaintiff present performing what the government needed. Defendants knew their terminating Plaintiff's employment would be harmful not just to Plaintiff but to the government and taxpayers of the United States, and undertook their termination of Plaintiff with full knowledge of the harm it would, and did, cause.

21. Plaintiff filed a complaint with the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION.

22. As a result of such complaint, Plaintiff was counseled and he requested reinstatement at another Census office, but was outright refused any continued employment with the federal government in any capacity.

23. Plaintiff had an exhaustive investigation and report prepared into the circumstances of his firing. The results are entered as Exhibits herein by reference as if fully set forth hereat..

24. The presiding Chief Hearing Officer of the EEOC in Miami held a preliminary conference between Plaintiff and the Department of Commerce during which said hearing officer ordered and allowed Plaintiff and the Department of Commerce three weeks to work out a resolution amicable to both. Tiffany Monrose was assigned by the Department of Commerce as the attorney representing the Department of Commerce.

25. Plaintiff then timely thereafter contacted Tiffany Monrose, who told Plaintiff the Department of Commerce had absolutely no intention of resolving the matter and that after she consulted with several other attorneys and supervisors a decision had been made that the Department of Commerce was preparing a criminal complaint and referral to the Miami U.S. Attorney requesting Plaintiff be criminally prosecuted 'for defrauding the federal government by applying with and going to work for the federal government' and that same was based solely on a statement that Terrell Johnson, the Census Bureau employee that actually terminated Plaintiff's employment, having made a sworn representation alleging that Plaintiff had told Terrell Johnson Plaintiff had done no work whatsoever for the Department of Commerce. Such statement by Terrell Johnson was patently false and was known to be false when Terrell Johnson uttered it, as Plaintiff never made such a statement and had in fact performed work and done so in an exemplary and effective manner. Plaintiff's hours further wise had been authorized, approved, and paid by the Department of Commerce. Terrell Johnson knew Plaintiff at no time made any such statement and knew his statement was false at the time he made it, the same as he knew his representation to Plaintiff that Recruiting Assistants were no longer allowed to conduct any follow through was, likewise. patently false at the time he made that statement as well.

26. Tiffany Monrose's threat she uttered to Plaintiff that Plaintiff was going to be criminally prosecuted by the Department of Commerce was likewise untrue, as no such referral was

ever made to the United States Attorney - or if it was, such complaint was knowingly false at the time it was made, would not be acted on, and was a serious federal crime to have filed same – a knowingly false and fictitious allegation, with the U.S. Attorney.

27. Both Tiffany Monrose and Terrell Johnson made knowingly false statements of fact on different occasions. Said conduct violated 18 U.S. Code § 1001 and/or 18 U.S. Code § 2 and/or 18 U.S. Code § 3, and was contrary to the public policy of the United States and the intent of Congress.

28. During the course of post-termination it has became known to Plaintiff, and Plaintiff based on information and belief does now believe, that Canelle Henry, Plaintiff's assigned and direct supervisor, had in fact requested Terrell Johnson terminate Plaintiff as a favor to her, and that together they concocted the knowingly false representation to Plaintiff's that all Recruiting Assistant's job description and duties had dramatically materially changed since Plaintiff had finished his training just days before. With no such change in job description and/or duties having ever occurred and their representation being a 100% fabrication, as was Tiffany Monrose's representation that Plaintiff was going to be criminally prosecuted for having gone to work for the United States government, Plaintiff submits that a pattern and practice of misconduct and wrongdoing exists in the instant matter on the part of the Defendants, and that Plaintiff is entitled to declaratory relief of same and recovery of monetary damages, as well as reinstatement of eligibility for future employment with the United States government and/or contractors therewith.

29. No statement was ever made to Plaintiff - and Plaintiff is not aware at this time of any statement made by any government employee to any other government employee - that Plaintiff was to be terminated, or was terminated and rendered ineligible for federal government employment, both in the present and in the future, because of his being in his 70's, white, male, of German ancestry, having Attention Deficit and Hyperactivity Disorder, or/and in retaliation for his complaining to Congress that the Census was not being professionally carried out - or at least by the Atlanta Region under which

Plaintiff worked, however Plaintiff believes that his termination and treatment was grossly wrongful and in violation of law, and the entire experience financially injured him both past and in the future and subjected him to humiliation and emotional pain and suffering for which he is entitled under law to declaratory and financial relief.

30. Section 2302(b) of Title 5 of the United States Code, sets forth any employee who has authority to take, direct others to take, recommend or approve personnel actions may not:

- Discriminate on the basis of race, color, religion, sex, national origin, age, disability, marital status, or political affiliation;

- Solicit or consider employment recommendations based on factors other than personal knowledge or records of job related abilities or characteristics;

- Coerce an employee's political activity or take action against any employee as reprisal for refusing to engage in political activity;

- Deceive or willfully obstruct a person's right to compete for employment;

- Influence any person to withdraw from competition for a position to improve or injure the employment prospects of any other person;

- Give unauthorized preference or advantage to any person to improve or injure the employment prospects of any particular employee or applicant;

- Engage in nepotism;

- Retaliate against an employee or an applicant because of an individual's legal disclosure of information evidencing wrongdoing ("whistleblowing");

- Retaliate against an employee or applicant for exercising an appeal, complaint or grievance right;

- testifying or assisting another in exercising such a right, cooperating with an Inspector General or the Special Counsel, or refusing to obey an order that would break a law;

- Discriminate against an employee based on conduct which is not adverse to on-the job performance of the employee, applicant, or others. The Office of Personnel Management (OPM) has interpreted the prohibition of discrimination based on "conduct" to include discrimination based on sexual orientation. See Addressing Sexual Orientation Discrimination in Federal Civilian Employment;

- Violate any law, rule, or regulation which implements or directly concerns the merit principles.

9

31. Plaintiff further alleges violations occurred of the following:

- Title VII of the Civil Rights Act of 1964. Title VII of the Civil Rights Act, amended;

- Age Discrimination in Employment Act of 1967. The Age Discrimination in Employment Act (ADEA), as amended;

- Rehabilitation Act of 1973. Sections 501 and 505 of the Rehabilitation Act, as amended;

- The Civil Rights Act of 1991. The Civil Rights Act of 1991 amends several sections of Title VII to strengthen and improve Federal civil rights laws and provide for the recovery of compensatory damages in Federal sector cases of intentional employment discrimination;

Americans with Disabilities Act;

- Americans with Disabilities Act Amendments Act of 2008 (ADAAA);

- Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002;

- Public Law 107-174 (the No FEAR Act} One purpose of the act is to hold federal agencies accountable for violations of antidiscrimination and related whistleblower protection laws, rules and regulations.

**COUNT ONE**
Fraud, Misrepresentation, and Deceit in soliciting Plaintiff for employment

32. Paragraphs 1-31 are hereby re-alleged and incorporated as if fully set forth herein.

33. On two separate occasions prior to Plaintiff signing up to work for the Census and in direct response to his concerns that his age and physical condition would not prevent his being hired and that his employment would commence within the next two months, did Plaintiff rely to his detriment and did agree to go to work for the government, however those statements were either false at the time they were made, or made under belief same were true which however subsequently became false after Plaintiff applied for employment and their ultimate falsehood was, for whatever reason, concealed from Plaintiff - rending them fraudulent, to be misrepresentations, and ultimately deceitful.

34. As a direct and proximate result of Defendants fraud, misrepresentations, and deceit, Plaintiff suffered material and substantial financial harm, to be proven at trial - for which he is entitled

10

to as a matter of law and equity.

## COUNT TWO
### MISFEASANCE and/or MALFEASANCE
### Failure to timely train and place Plaintiff into service

35. Paragraphs 1-34 are hereby re-alleged and incorporated as if fully set forth herein.

36. Defendants had a duty both to Plaintiff and the government and taxpayers of the United States, to place Plaintiff into training and job activities within a reasonable period of time.

37. Plaintiff submits from May to December is an unreasonable period of time.

38. Defendants should have informed Plaintiff of any and all delays or changes in training and work dates beyond August 2019, and failed to do so.

39. But for these delays and failure to inform Plaintiff, Plaintiff could not and did not seek or obtain other income. The direct and proximate result of Defendants failures was to cause Plaintiff to suffer financial harm to be proven at trial, for which he is entitled to as a matter of law and equity.

## COUNT THREE
### MISFEASANCE, MALFEASANCE, GROSS NEGLIGENCE
### Failure to Provide Plaintiff with necessary tools, supervision, and appellate procedures and timely and equitable resolution of grievances

40. Paragraphs 1-39 are hereby re-alleged and incorporated as if fully set forth herein.

41. Defendants had a duty to have processed and provided Plaintiff with his own assigned and fully working government laptop and his own personal secure government email account for him to use, both at the training and on the job, but did not do so until December 12, 2019. They further had a duty to allow him to use all of his equipment and to perform work with being given proper and complete supervision and assistance from his superiors. Plaintiff was not only given incomplete tools but insufficient supervision and an inadequate length of time using his complete set of tools. Plaintiff submits that one hour of sitting in the Margate office unattended was unreasonable, and grossly so.

42. Such failures and refusals were both unreasonable and opposite well established governmental policies and procedures. Other Recruiting Assistants received same but Plaintiff did not.

43. But for Defendants failures and refusals, the direct and proximate result of which caused Plaintiff to suffer financial harm to be established at trial which he is entitled to as a matter of law and equity.

## COUNT FOUR
Violation of 18 U.S. Code § 1001; 18 U.S. Code § 2; 18 U.S. Code § 3;
Making False Statements, Threats and Intimidation under Color of Authority

44. Paragraphs 1-43 are hereby re-alleged and incorporated as if fully set forth herein.

45. On December 12, 2019 in the Offices of the Department of Commerce Bureau of the Census in Margate, Florida, no less than three government employees, including Plaintiffs immediate supervisor Canelle Henry, her immediate supervisor and Plaintiff's next in line supervisor Terrell Johnson, and an unknown female employee whose role is not known, did inform Plaintiff just prior to his termination that the job description of Recruiting Assistants had been changed and that Recruiting Assistants were now prohibited from doing any follow through whatsoever with anyone they had spoken with previously, and for that reason and that reason alone was Plaintiff's employment being terminated. Plaintiff was given no other counseling, no offers of counseling or no opportunity for continued employment in any capacity at any location, and no appellate avenues at that time. Such statements made to Plaintiff regarding changes in job description and duties were false and were known to be false at the time they were made to him, and violated 18 U.S. Code § 1001; 18 U.S. Code § 2; 18 U.S. Code § 3 and these 3 employees Oath and duties, and constituted shockingly unconscionable acts.

46. Plaintiff is entitled to a declaration and finding of this court that these three individuals violated 18 U.S. Code § 1001; 18 U.S. Code § 2; 18 U.S. Code § 3 and these three employees Oath and duties, and engaged in shockingly unconscionable acts.

47. Upon EEOC investigation and preliminary conference, the Administrative Law Judge set a three week period for the Department of Commerce and Plaintiff to work together and to amicably resolve all matters between them amicably, Tiffany Monroe, a member of the Bar designated to represent of the Department of Commerce, then refused any future communication with Plaintiff, representing she had consulted with other staff attorneys and supervisors within the Department of Commerce and the decision had been made to not only refuse any further discussions with Plaintiff, but to prepare and submit a formal complaint and referral to the United States Attorney in Miami, Florida to prosecute Plaintiff for defrauding the government of the United States which they based on the false statement of Terrell Johnson that Plaintiff allegedly had told Terrell Johnson that Plaintiff never did any work for the Department of Commerce were threats and intimidation to induce a complaint withdrawal.

48. The statements of Terrell Johnson and Tiffany Monroe were false, known to be false when they were made, were taken in bad faith and for wrongful purpose and were taken to harass, threaten, intimidate, frighten, and coerce Plaintiff to drop his appeal and complaint against the Department, violating thereby not only their their oath and duties but 18 U.S. Code § 1001; 18 U.S. Code § 2; 18 U.S. Code § 3, being both civil torts and criminal in nature which deserve referral.

49. Plaintiff is entitled as a matter of law to declaration and findings of same by this court.

## COUNT FIVE
### Wrongful Termination

50. Paragraphs 1-49 are hereby re-alleged and incorporated as if fully set forth herein.

51. Plaintiff was the only Recruiting Assistant to his knowledge that was terminated or terminated under the circumstances set forth in the instant action.

52. Plaintiff was, and remained a professional, efficient, effective worker who repeatedly demonstrated not just his exemplary and leadership abilities but his usefulness and value to the government and taxpayers of the United States. There remained not just an ongoing need, but an

urgency for his services.

53. Plaintiff was entitled to counseling, effective supervision, and full and properly working tools, but was terminated instead, not being given the same treatment as the other Recruiting Assistants.

54. Plaintiff's termination was effectuated as a personal favor so that Canelle Henry would not have Plaintiff to supervise , to observe her, and to observe others conduct and the operations of the Margate office, and was not for any inability, failure, or unwillingness to fulfill his duties or because there was no longer a need for his and other Recruiting Assistants in the Atlanta Regional operations.

55. Plaintiff is entitled to such findings of fact and conclusions of law.

## COUNT SIX
Violation of
Section 2302(b) of Title 5 of the United States Code;
Title VII of the Civil Rights Act of 1964;
Title VII of the Civil Rights Act, amended;
Age Discrimination in Employment Act of 1967;
The Age Discrimination in Employment Act (ADEA), as amended;
Rehabilitation Act of 1973.;
Sections 501 and 505 of the Rehabilitation Act, as amended;
The Civil Rights Act of 1991;
Americans with Disabilities Act;
Americans with Disabilities Act Amendments Act of 2008 (ADAAA);
Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002;
Public Law 107-174 (the No FEAR Act)
The Constitution of the United States of America

56. Paragraphs 1-55 are hereby re-alleged and incorporated as if fully set forth herein.

57. As a United States citizen, Plaintiff is entitled to the full protections afforded by the above and the intent of Congress of the United States, and to the consistent and the uniform application of same.

58. Plaintiff has an unprecludable right to specific findings of fact and conclusions of law to each and every issue brought before this court, and each and every of the above.

## COUNT SEVEN
Reestablishment of Eligibility for Government Work
and Expungement of Termination

Case 0:22-cv-60178-WPD   Document 1   Entered on FLSD Docket 01/25/2022   Page 15 of 18

59.     Paragraphs 1-58 are hereby re-alleged and incorporated as if fully set forth herein.

60.     Plaintiff has been a valued employee of the United States of America, and remains ready, willing, and able to serve his Country in some capacity. The Country has an ongoing need for services of such capable and willing individuals.

61.     Plaintiff submits It would be shockingly unconscionable to deny or continue to deny Plaintiff both the right and ability to apply for and receive employment in a manner that would serve the interests of the people of the United States. Plaintiff is entitled to a finding and declaration of same.

**COUNT EIGHT**
UNCONSTITUTIONALITY
Unconstitutionality of the 20 day filing window from date of emailing and disproportionate and inequitable application of provisions of time frames;
failure to consistently apply waivers and exceptions;
Manifest injustice

62.     Paragraphs 1-61 are hereby re-alleged and incorporated as if fully set forth herein.

63.     Not just the actions of the Defendants conflicts with the Constitution, but the manner in which Plaintiff was denied his right to full hearing and representation by the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and the powers that it and Administrative Law Judges are granted are inequitable and in conflict. Same has deprived Plaintiff of rights to and access to due process and the judicial and administrative branches of government, and seeks ad demands those rights herein.

64.     In whole or in part, those provisions which provided for the dismissal of Plaintiffs EEOC action should not have been dismissed on the basis of timeliness. The respective powers of government are inequitable in that the federal government is granted 180 days to file and Plaintiff only 20 days from the date an email is sent to him, irrespective of whether he received same on said day.

65.     Plaintiff seeks reinstatement of this EEOC complaint, full hearing on same, and representation by the EEOC in this matter.

15

## COUNT NINE
Violation of Whistleblower Protections
Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302
Civil Service Reform Act of 1978 ("CSRA")

66. Paragraphs 1-65 are hereby re-alleged and incorporated as if fully set forth herein.

67. In filing a complaint with Congress over the misfeasance and malfeasance he observed and experienced with the Department of Commerce, the Department of Commerce and employees therein decided that at all costs and means Plaintiff should not be allowed to observe, to discover, or to report further misfeasance and malfeasance, and for that reason alone, or in combination with other factors, decisions were made at high levels of Department of Commerce and Bureau of the Census Administration to punish and prevent Plaintiff for exposing further misfeasance and malfeasance as well.

68. The methods used to delay and deny Plaintiff employment were exceptional and not representative of the manner in which other Recruiting Assistants were treated, prima facia establishing that Plaintiff was singled out and was treated grossly differently than other government employees.

69. It is well established that Whistleblowing is not just protected but valued to assure the citizens of the United States a transparent, effective, and efficient government adhering to the highest standards of ethics, fairness, and morality, and with minimal fraud, waste and abuse found and abated.

70. The unusual circumstances in this unique matter beg to be determined to have been and to constitute and rise to being retaliatory in nature, and to be violative of Whistleblower protections.

71. Pro se litigants must comply, and Plaintiff has, with the Federal Rules of Civil Procedure. *Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987).* Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." F*ed. R. Civ. P. 8(a);* see *Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Ciralsky v. CIA, 355 F.3d 661, 668-71 (D.C. Cir. 2004).*

## COUNT TEN
### Defamation

71. Paragraphs 1-70 are hereby re-alleged and incorporated as if fully set forth herein.

72. The termination of Plaintiff for wrongful purpose and by wrongful means is defamatory in nature on its face, however the accusations that Plaintiff violated his job description when that never happened, and that he should be, was to be, or had been, charged criminally for intentionally committing crimes against the United States of American is bright line defamation per se.

73. Plaintiff is entitled to full recovery to the extend provided by law for the defamatory statements and actions taken against him by employees of the United States of America.

**WHEREFORE**, Plaintiff prays for judgment as follows:

    A. For lost wages in an amount deemed proper and just;

    B. For expungement of termination;

    C. For reinstatement of full eligibility for employment by or contracting with the United States of America or any contractor of the United States of America;

    D. For declaratory relief, findings of fact and conclusions of law on all issues and matters raised;

    E. For all such other damages and relief in the maximum amount provided by law;

    F. For reasonable attorneys fees, paralegal costs, trial preparation and presentation;

    G. For pre and post judgment interest in the maximum amount allowed by law;

    H. For all incidental and consequential damages as proven at trial;

    I. For such other relief as the court deems proper and just.

    **JURY DEMAND:** Plaintiff hereby demands trial by jury of all issues so triable.

Respectfully submitted,

_____
THOMAS HEINRICH, Plaintiff, in Pro Se
140 Cypress Club Dr #405
Pompano Beach FL 33060
(954) 781-9300
reachth@yahoo.com